IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>              Appellee       )<br>     v.                      )<br>                             )          App. No. 15-4057<br> BRIAN DAVID HILL,           )<br>              Appellant      ) | |

**RESPONSE TO GOVERNMENT'S MOTION TO DISMISS APPEAL**

NOW COMES Appellant Brian David Hill, by and through undersigned appointed counsel, responding to the government's motion to dismiss the appeal. For the reasons set forth below, this Court should deny the government's motion.

The Grand Jury returned a one count Bill of Indictment against Brian David Hill, on November 25, 2013, alleging his possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b) and (b)(2). (Doc. No. 1.) Appellant plead guilty, pursuant to signed plea agreement, (Doc. No. 20), on June 10, 2014. The U.S. District Court conducted the sentencing hearing on November 10, 2014. A written judgment was entered on November 12, 2014. (Doc. No. 54.) By motion of January 12, 2015, docketed by the district court clerk on January 15, 2015, Appellant sought an extension of the time in which to file his notice of appeal. (Doc. No. 55.) By Order the next day, the district court denied the extension request. (Doc. No. 57.) This Court noted a January 29, 2015 filing of a notice of appeal. The government argues that the appeal should now be dismissed because the Appellant's notice did not strictly comply

with the requirements of Fed. R. App. P. 4(b)(1)(A), which provides that a criminal defendant's notice of appeal must be filed within fourteen days of the entry of the written judgment.

Notably, the period in which to note an appeal can be extended under Fed. R. App. P. 4(b)(4) for an additional 30 days. And, as this Court has held, the time tables of Rule 4 do not affect this Court's subject-matter jurisdiction. *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009).

Though the government has moved to dismiss the appeal as untimely, consideration of the merits of this matter will not waste judicial resources or judicial administration and the delay -- 61 days as calculated by the government -- is not inordinate. *See United States v. Tejada-Martinez*, 475 Fed. Appx, 482, 483 (4th Cir. 2012) (finding 52-day delay not inordinate). With an extension, 44 days is allowed and Appellant's notice arguably fell just more than 2 weeks after that cut-off. This Court has full discretion whether to allow the appeal to continue, and thus whether to fully adjudicate the merit of Appellant's conviction, or to summarily dismiss the appeal. Accordingly, this Court should deny the government's motion to dismiss the appeal.

Respectfully submitted, this the 17th day of February, 2015.

/s/ Mark A. Jones
Counsel for Appellant Hill
NCSB# 36215
P.O. Box 21029
Winston-Salem, NC 27120-1029
Telephone - (336) 722-3700

**Certificate of Service**

    I have this day, February 17, 2015, served a copy of the foregoing on an attorney for the government, that is

ANAND P. RAMASWAMY  
Assistant United States Attorney  
101 S. Edgeworth St., 4th Floor  
Greensboro, NC 27401  
Phone: 336/333-5351  
E-mail: anand.ramaswamy@usdoj.gov
